**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| United States of America | Case No.: 21-cr-50023 |
| v. | Judge Iain D. Johnston |
| Marcus Williams | |

**MEMORANDUM OPINION AND ORDER**

In 2021, Defendant Marcus Williams was charged in the Winnebago County Circuit Court with armed habitual criminal, manufacturing/ delivering cocaine, aggravated battery to a peace officer, resisting a peace officer, and felon in possession of a weapon. The state dismissed the indictment in September 2021, when a Federal Grand Jury indicted Mr. Williams on four counts of unlawful drug and firearm possession.[1] At a status hearing on February 11, 2025, the Parties requested a change of plea hearing, and the Court set the matter over to February 25, 2025. *See* Dkt. 130. At the scheduled change of plea hearing, Mr. Williams elected not to plead guilty and instead terminated counsel (by then, his fifth court-appointed attorney). Dkt. 132.

In this *pro se* motion to dismiss the indictment, Mr. Williams argues that the prosecutors unethically pressured him to accept an "extreme and extensive" prison sentence, based partly on an uncharged, unrelated homicide investigation. Dkt. 141, 1. Mr. Williams also argues that the Government wrongfully withheld discovery concerning the alleged homicide. *Id.* at 1–2. Finally, in his Reply, Mr. Williams asks the Court to subpoena several witnesses to corroborate these claims. Dkt. 145.

The Government acknowledges that it hasn't produced any discovery concerning its open investigation. Dkt. 144, 5. But for good reason: The evidence presently in its possession "does not prove by a preponderance of the evidence that the firearm in defendant's possession was used in a homicide. *Without further evidence, the [G]overnment does not intend to make such an argument.*" *Id.* (emphasis added). So, even taking Mr. Williams at his word that the prosecutors previously attempted to connect him to a homicide, the Government agrees not to pursue that theory any further. Mr. Williams' motion to dismiss the indictment based on prosecutorial misconduct and his request for subpoenas are therefore denied as moot.

Mr. Williams asks in the alternative that the case be transferred to another judge because the undersigned has made public comments to the U.S. Sentencing Commission seeking longer sentences for offenders who use or possess machine gun conversion devices ("MCDs"), as alleged in the indictment. Dkt. 141, 3; *see* Hon. Iain D. Johnston & Michael R. Snyders, *2024–2025 Public Comment on Proposed Amendments for Career Offender, Firearms Offenses, Circuit*

---

[1] Count One of the indictment charges that Mr. Williams possessed 40 grams or more of fentanyl-cocaine mixture with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count Two alleges that Mr. Williams possessed a machinegun in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(C)(1)(B)(ii). Count Three alleges unlawful machinegun possession under 18 U.S.C. § 922(o) and Count Four alleges firearm possession as a prohibited person under § 922(g)(1). *See generally* Dkt. 34.

*Conflicts, and Simplification 90 FR 128*, UNITED STATES SENTENCING COMMISSION, 681–685 (Feb. 3, 2025), https://perma.cc/GYZ5-QNQD. Mr. Williams challenges the public comment, both in substance and in timing; specifically, he argues that "Judge Johnston had the opportunity to express this to the committee as early as 2 years to this date . . . but chooses to wait til [sic] what is most likely the last case of its kind in [this division] to express his dislikes." Dkt. 141, 3.

To the extent Mr. Williams seeks a change of venue on that basis, his motion is denied. A change of venue is only justified if the defendant "cannot obtain a fair and impartial trial" in the district to which he was initially assigned, Fed. R. Crim. P. 21(a), or if another district would be more convenient and would better serve the interests of justice. Fed. R. Crim. P. 21(b). Neither provision applies to this case. The conduct charged in the indictment allegedly occurred in Rockford, dkt. 34, and there is no indication that Mr. Williams cannot obtain a fair trial here.

In the interest of liberally construing *pro se* motions, the Court views Mr. Williams' request as a motion for recusal under 28 U.S.C. § 455. "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). § 455(b) lists several examples where a judge must recuse himself based on personal experience, personal knowledge of disputed facts, or some other vested interest in the litigation (usually, a personal or financial stake in the matter). *See* 28 U.S.C.A. § 455(b). Though not exhaustive, this list is "principally concerned with knowledge that is 'extrajudicial' in the sense that the judge acquires it outside a courthouse . . . ." *Edgar v. K.L.*, 93 F.3d 256, 259 (7th Cir. 1996).

Knowledge acquired *inside* a courthouse, however, is not ground for recusal. *Liteky v. United States*, 510 U.S. 540, 550–51 (1994). Federal judges are obligated to draw conclusions based on fact, law, experience, and corresponding inferences. *See United States v. Perry,* 747 F.2d 1165, 1169 (7th Cir. 1984) (acknowledging that judges do not "operate in a vacuum, shielded from knowledge of . . . the real world."). "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky*, 510 U.S. at 551 (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (CA2 1943).

With that standard in mind, a reasonable, impartial observer would not be concerned that Mr. Williams' February 25 hearing somehow triggered the public comment made three weeks earlier. The public comment is dated February 3, well before the Parties made arrangements for a change of plea. *See* Dkt. 130. Future events can't cause previous events; the space-time continuum doesn't work that way. *See Daval v. Zahtz*, No. 19-cv-50147, 2023 U.S. Dist. LEXIS 214047, at *13 (N.D. Ill. Dec. 1, 2023); *Hogue v. Varga*, No. 19-cv-50151, 2021 U.S. Dist. LEXIS 50175, at *6 (N.D. Ill. Mar. 17, 2021). What's more, the undersigned has long held and expressed these public safety concerns. As stated in *United States v. Hixson*, nearly three years ago, "[t]hose engaged in the sale and distribution of [MCDs] must be put on notice that doing so potentially subjects them to a significant sentence." 624 F. Supp. 3d 930, 941 (N.D. Ill. 2022). Evidently, that sentiment is neither new nor remarkable.

No reasonable person would infer a judge is biased, or automatically inclined to rule against them, merely because the judge seeks to deter unlawful firearm possession. Nor would any reasonable person find the contents of the comment especially surprising. Like other reasonable people, judges generally oppose gun crime; the public comment merely expresses one judge's opinion on dealing with the issue. "That federal judges participate in the promulgation of guidelines does not affect their [ ] ability impartially to adjudicate sentencing issues." *Mistretta*

2

*v. United States*, 488 U.S. 361, 406–07 (1989).  And the ability to adjudicate guilt or innocence is one step even farther removed.

  Mr. Williams is free to renew his arguments if the issue eventually arises that he is found guilty, a sentence is imposed, and he substantively disagrees with the attending term of imprisonment (again, assuming that there is one).  Those are big "ifs."  At this early stage of litigation, Mr. Williams is firmly presumed innocent.  That presumption was not moved by recent public comments to the Sentencing Commission, or anything else, for that matter.

  For those reasons, Mr. Williams' motion [141] is denied.

Entered: May 29, 2025               By: _____
                            Iain D. Johnston
                            U.S. District Judge